# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) ) | CASE NO. 5:16CV3004 |
| PLAINTIFF, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) | |
| RHONDA TAYLOR, et al., | ) ) ) ) ) ) | OPINION AND ORDER GRANTING DEFAULT JUDGMENT AGAINST DEFENDANT RHONDA TAYLOR |
| DEFENDANTS. | ) | |

Before the Court is the motion of plaintiff, The Guardian Life Insurance Company of America ("plaintiff"), for default judgment against defendant Rhonda Taylor ("Taylor"). (Doc. No. 17.) Taylor has not responded to the motion.

On December 12, 2016, plaintiff filed a complaint in interpleader against Taylor and defendant Kathy Radovic ("Radovic"), pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1335. (Doc. No. 1 ["Compl."].) Plaintiff alleges Taylor and Radovic are adverse claimants to the proceeds of a life insurance policy (the "Policy") for Dana M. Radovic ("decedent"). The crux of the complaint is that both Radovic and Taylor are listed as beneficiaries on the Policy, and that the amount of the beneficiary designations exceed 100% of the Policy proceeds. (*Id.* ¶¶ 16, 17.)

Taylor was served on January 6, 2017, and the summons was returned executed on January 13, 2017. (Doc. No. 5 (Return).) Plaintiff applied to the Clerk of Court for entry of

default against Taylor, and, on August 24, 2017, default was entered against Taylor. (Doc. No. 14 (Default Entry).)

Fed. R. Civ. P. 55 contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend. First, a plaintiff must request from the Clerk of Court an entry of default. Fed. R. Civ. P. 55(a). If the plaintiff's claim is not for "a sum certain or a sum that can be made certain by computation," the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b). Upon entry of default judgment, the factual allegations of the complaint are accepted as true. *United States v. Conces*, 507 F.3d 1028, 1038 (6th Cir. 2007) (citations omitted).

Default judgment may be entered against a defendant who fails to answer an interpleader complaint. *Guardian Life Ins. Co. v. Rowe*, No. 1:17cv547, 2017 WL 4286687, at *3 (N.D. Ohio Sept. 27, 2017) ("'A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted' if service was properly effected upon them.") (quoting *Sun Life Assur. Co. of Canada (U.S.) v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006) (further citation omitted)); *Usable Life Co. v. Gann*, No. 1:09cv77, 2009 WL 4348588, at *2 (E.D. Tenn. Nov. 24, 2009) (citation omitted). By failing to answer or otherwise defend her stake in the funds at issue in the interpleader claim, the defaulting party forfeits her interest in the funds at issue in an interpleader action and her interest is terminated upon entry of a default judgment. *Gann*, 2009 WL 4348588, at *2 (citing *Conroy*, 431 F. Supp. 2d at 226).

Default against Taylor is warranted. Although she was served with the complaint, Taylor has not filed an answer or otherwise defended her interest in the interpleader funds. Nor did

Taylor file a response to the motion for default judgment. By defaulting, Taylor has forfeited her right to pursue an interest in the Policy proceeds.

Accordingly, and for the foregoing reasons, it is ORDERED, ADJUDGED and DECREED that judgment shall be entered against defendant Taylor.

**IT IS SO ORDERED**.

Dated: October 17, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**