UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,**<br><br>*Plaintiff,*<br><br>v.<br><br>**RHONDA TAYLOR; and KATHY RADOVIC,**<br><br>*Defendants.* | Judge Sara Lioi<br><br>Case No. 5:16-CV-3004 |

## Order

The Court, having considered Plaintiff The Guardian Life Insurance Company of America's ("The Guardian" or Plaintiff') Stipulated Findings of Fact and Conclusions of Law, supporting documents, and all other matters before it, **ORDERS, ADJUDGES AND DECREES** the following:

1. Plaintiff brought this interpleader matter pursuant to 28 U.S.C. § 1335, Federal Rules of Civil Procedure 22 and 67 due to the competing claims for life insurance benefits payable upon the death of Dana M Radovic ("Decedent"). [*See* Docket ("Doc.") No. 1, Complaint in Interpleader ("Compl.") ¶4]

2. Decedent was a former employee of Davis Printing Company ("Employer"), and a participant in an ERISA-regulated life insurance plan ("Plan"). Benefits under the Plan ("Plan Benefits"), were funded, at least in part, by a group policy of life insurance ("Policy"), Group Policy No. G-00421365-UC, issued by The Guardian. [Compl.¶ ¶7–8; *See* Doc. # 1-1, Exhibit "Ex." A to the Compl.]

3. Decedent died on September 18, 2016. [Compl.¶13; *See* Doc. #1-2, Ex. B to the Compl.]

4. At the time of his death, Decedent was enrolled under the Policy for $20,000 in Plan Benefits. [Compl.¶9; *See* Doc. #1-3, Ex. C to the Compl.]

5. Decedent's beneficiary designation named two primary beneficiaries—Kathy Radovic as a 100% beneficiary and Rhonda Taylor as a 50% beneficiary. [Compl.¶16; *See* Doc. #1-3, Ex. C to the Compl.]

6. The beneficiary designation form states that the primary beneficiary designation must only total 100%. Decedent's beneficiary designation totals 150%. [Compl.¶17]

7. The Guardian received an executed Group Life Claim Form from Kathy Radovic ("Defendant Radovic"). [Compl.¶16; *See* Doc. #1-4, Ex. D to the Compl.]

8. The Guardian could not determine whether a court would find that only defendant Kathy Radovic is entitled to the Plan Benefits, or whether defendant Rhonda Taylor ("Defendant Taylor") should also receive a portion of the Plan Benefits. [Compl.¶19]

9. Conflicting issues of fact and law exist as to the proper beneficiary of the Plan Benefits and The Guardian was therefore unable to determine whether a court would find that it should pay the Plan Benefits to one or more of Decedent's various potential alternative beneficiaries under the Plan without risking potential exposure of itself, the Employer, and the Plan to multiple liabilities. [Compl.¶22–25]

10. The Guardian is now, and at all times has been, ready and willing to pay the Plan Benefits to the party legally entitled to them. [Compl.¶24]

11. The Guardian could not determine the proper beneficiary of the Plan Benefits without assuming the responsibility of determining doubtful questions of fact and law, and without incurring the risk of being subject to costs and expenses in defending itself in multiple suits or the possibility of multiple payments of the amount due. [Compl.¶26]

12. The Guardian is merely a stakeholder and claims no beneficial interest in the Plan Benefits. [Compl.¶25]

## CONCLUSIONS OF LAW

13. This interpleader is proper under 28 U.S.C. § 1335 and Rule 22 of the Federal Rules of Civil Procedure. This Court has original jurisdiction over this action pursuant to: 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) because this action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq.*, a law of the United States; diversity jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1335. All the named defendants have been served. [*See* Doc. ## 5, 6]

14. Defendant Taylor has not appeared in this action and has not answered or otherwise contested the interpleader relief sought in the Complaint. [*See* "Plaintiff's Request for Entry of Default As to Rhonda Taylor", Doc. # 12]

15. Defendant Taylor is now in default. [*See* "Clerk's Entry of Default As to Rhonda Taylor", Doc. # 14]

16. The Guardian is ordered to pay Kathy Radovic the $18,000 of Plan Benefits, plus any applicable interest.

17. Order The Guardian to retain $2,000 of the Plan Benefits in order to recover a portion of its attorney's fees and costs incurred by bringing this interpleader.

18. All defendants are preliminarily and permanently enjoined from instituting or prosecuting any other action, suit or proceeding against The Guardian, the Plan and the Employer in any other court relating to the recovery of the underlying Plan Benefits or any applicable interest or any attorney's fees or costs therefrom.

19. The Guardian is dismissed from this suit with prejudice, and forever discharged from any and all liability to the defendants for any claim, demand, action or cause of action arising out of or related to the recovery of the Plan Benefits or any applicable interest or any attorney's fees or costs therefrom upon payment of the Plan Benefits to Kathy Radovic, plus any applicable interest, or as otherwise directed by this Court.

20. No attorney's fees or costs will be sought or are recoverable as related to the Plan Benefits.

21. The Clerk shall enter final judgment pursuant to Fed.R.Civ.P. 54(b).

**SO ORDERED, ADJUDGED AND DECREED.**

Dated: October 17, 2017

HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE

31368751.1